# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STERLING EDWARD GUY, JR., <br> Appellant, | DOCKET NUMBER <br> DC-0731-14-1067-I-1 |
| v. | |
| OFFICE OF PERSONNEL <br> MANAGEMENT, <br> Agency. | DATE: September 11, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Sterling Edward Guy, Jr.</u>, Portsmouth, Virginia, pro se.

<u>Darlene M. Carr</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2  The appellant served as a welder with the Department of the Navy (Navy) in Norfolk, Virginia.  Initial Appeal File (IAF), Tab 6 at 13.  The Office of Personnel Management (OPM) issued the appellant notice on May 1, 2014, that it was proposing to direct the Navy to remove him from employment based upon a negative suitability determination made pursuant to 5 C.F.R. part 731.  *Id*. at 40-43.  OPM informed the Navy the same day that it was proposing to direct the appellant's removal and that it had issued him notice to that effect.  *Id*. at 63-64.  In its notice to the Navy, OPM specified that "the proposed actions in this case are being taken under the authority vested in OPM by 5 CFR 5.3 and 731.201-304."  *Id*. at 64.  The appellant submitted a written response to OPM, *id*. at 44-52, and on July 21, 2014, OPM issued the appellant notice that it was, among other things, directing the Navy to remove him from employment within 5 days of its receipt of OPM's notice, *id*. at 20-23.  OPM, however, did not send this notice directly to the appellant, but instead sent it to the Navy with directions for it to send the notice to the appellant.  *Id*. at 33-36.

¶3  The appellant filed an initial appeal of his removal on September 5, 2014.  IAF, Tab 1.  In his appeal, the appellant alleged that he was first notified of his removal on August 8, 2014.  *Id*. at 5.  The administrative judge issued an acknowledgement order directing the appellant to establish the timeliness of his appeal.  IAF, Tab 3.  The appellant, however, did not respond to the administrative judge's order, and the administrative judge subsequently issued an initial decision dismissing the appeal as untimely filed without good cause shown.  IAF, Tab 7, Initial Decision (ID).  In her initial decision, the administrative judge found that OPM notified the appellant of his removal on July 21, 2014, and that under the Board's regulations, his appeal had to be filed no later than August 25,

2014. ID at 3. Because the appellant filed his appeal on September 5, 2014, and because he did not respond to the timeliness order, the administrative judge found no evidence of good cause to accept the late appeal, and she dismissed it as untimely filed. ID at 3-4.

¶4 The appellant has filed a petition for review asserting that he first learned of his removal on August 8, 2014, and that his initial appeal thus was timely. Petition for Review (PFR) File, Tab 1 at 3. In lieu of filing a response in opposition, OPM submitted several requests for extensions of time, which the Clerk of the Board granted, asserting that the parties either were negotiating, or had negotiated, a settlement of the appeal. PFR File, Tabs 3, 6. The parties, however, never submitted a signed settlement agreement resolving the matter, and the Board issued a show cause order directing OPM to respond to the appellant's petition for review and to address the significance, if any, of the Navy's notice to the appellant on August 7, 2014, that he was being terminated during his probationary period. PFR File, Tab 7. OPM has filed a response to the show cause order arguing that the appeal should be dismissed as settled based on an oral agreement between the parties. PFR File, Tab 13 at 2-3. In its response, OPM also submits that the Navy's August 7, 2014 decision letter has no legal force or effect on the appellant's removal under 5 C.F.R. part 731. *Id*. at 4-5. As to the timeliness of the appellant's appeal, however, OPM concedes that the appellant first received a copy of OPM's letter directing his removal on August 7, 2014. *Id*. at 5.

## ANALYSIS

There is insufficient evidence in the record to dismiss the appeal as settled.

¶5 As a matter of policy, the Board favors settlement of actions between an agency and its employees. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 148 (1988). Before the Board will dismiss an appeal as settled, however, the Board must decide whether the parties have entered into a settlement agreement,

understood its terms, and agreed to have the agreement entered into the record for enforcement by the Board. *Id*. at 149. Although the Board will dismiss an appeal as settled pursuant to an oral settlement agreement, as with any settlement, the Board must ensure that there is sufficient support reflecting that the parties entered into such an agreement, and that they understood and agreed to the material terms of the oral agreement. *See McCarter v. Department of the Navy*, 114 M.S.P.R. 599, ¶ 10 (2010).

¶6        We find insufficient evidence in the record demonstrating that the parties entered into a settlement. Although the agency's representative asserts on review that the appellant stated he intended to sign and return a written settlement agreement to OPM by the end of May 2015, there is no evidence in the record that the appellant signed such an agreement. The appellant's alleged verbal assertion that he intended to sign a proposed settlement agreement, moreover, does not transform the proposed agreement into a binding oral contract resolving the appeal. Even if we were to construe the appellant's putative intent to settle his appeal as an oral settlement, there is nothing in the record explaining or outlining the terms of the agreement that would allow the Board to conduct a review of the agreement and ensure that the parties understood and agreed to its material terms before dismissing the appeal. *Id*. We therefore find no basis to dismiss the appeal as settled.[2]

The appellant filed a timely initial appeal of his removal.

¶7        An appeal of an agency action generally must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the receipt of the agency's decision, whichever is later. *See Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014); 5 C.F.R. § 1201.22(b).

---

[2] As previously explained in the show cause order, should the parties reach a settlement of this appeal on remand, they may submit a signed copy of the agreement to the administrative judge and request that the appeal be dismissed.

Pursuant to 5 C.F.R. § 1201.23, however, 5 days are added to a party's deadline for responding to a document served on the party by mail.

¶8        Here, the record reflects that, although OPM issued its decision letter directing the Navy to remove the appellant from employment on July 21, 2014, he did not receive a copy of this letter until August 7, 2014.  IAF, Tab 6 at 38. Additionally, there is evidence in the record that the Navy asked OPM about the status of the appellant's proposed removal on August 6, 2014, and that OPM agreed to resend the decision letter to the Navy later that day.  *Id.* at 37.  Thus, although OPM issued a letter to the Navy on July 21, 2014, directing the appellant's removal from employment, the evidence reflects that the Navy did not receive this letter until August 6, 2014, and that the appellant did not receive this letter until 1 day later.  *See id.*  Because the appellant first received OPM's decision letter on August 7, 2014, we find that he timely filed his appeal on September 5, 2014.  Therefore, the administrative judge's initial decision dismissing the appeal as untimely filed is reversed.

The appellant has established the Board's jurisdiction over his appeal pursuant to 5 C.F.R. part 731.

¶9        In our prior show cause order, we directed OPM to address the significance of the Navy's August 7th decision letter purporting to remove the appellant from employment during his probationary period.  PFR File, Tab 7; *see* IAF, Tab 2 at 14-15.  In response, OPM asserts that the Navy's letter has no legal impact on the appellant's removal because it had previously directed the Navy to remove him based upon a negative suitability determination pursuant to 5 C.F.R. part 731. PFR File, Tab 1 at 4-5.  Based upon our review of the relevant documents in the record, we agree with OPM.  For the reasons that follow, we find there is preponderant evidence that the appellant was removed from employment based upon a negative suitability determination and that the Board has jurisdiction over the appellant's appeal pursuant to 5 C.F.R. § 731.501.

¶10    The Board generally looks to the totality of the circumstances to determine the nature of an employee's separation from employment. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 22 (2014). The Board has found, moreover, that the mere fact that an agency informs an appellant of a right of appeal to the Board does not confer jurisdiction on the Board. *See Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 20 (2012). Here, the record reflects that OPM informed the Navy in February 2014, that it was assuming jurisdiction and responsibility for adjudicating the appellant's suitability for employment, and it issued the appellant notice in March 2014, that it was proposing to direct his removal based upon a negative suitability determination. IAF, Tab 6 at 40-43, 63. OPM, moreover, issued a written decision on July 21, 2014, outlining the grounds for directing the appellant's removal under 5 C.F.R. § 731.202. *Id*. at 20-23.

¶11    The only countervailing evidence in the record suggesting some other reason for removing the appellant is the Navy's August 7th decision letter, which is captioned "Notification of Discharge from Appointment During Probationary Period," and which contains an explanation of appeal rights to the Board for probationary employees seeking to challenge their termination on the limited grounds available to probationers under 5 C.F.R. §§ 315.805-806. IAF, Tab 2 at 14-15; *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013) (outlining the limited grounds considered in a probationary termination appeal). The nature of the appeal rights contained in an agency's decision letter, however, generally does not define or establish the Board's jurisdiction. *See Poole*, 117 M.S.P.R. 516, ¶ 20. The substance of the Navy's decision letter, moreover, reflects that, although the appellant was being removed during his probationary period, his removal was the result of a negative suitability determination rendered by OPM. IAF, Tab 2 at 14. Additionally, the Navy received OPM's letter directing the appellant's removal the day before it issued its August 7th decision letter, thus strongly suggesting that the Navy issued its

letter in response to OPM's directive.  IAF, Tab 6 at 37.  Finally, although not dispositive, the Navy issued a Standard Form 50 (SF-50) on August 8, 2014, effecting the appellant's removal under 5 C.F.R. § 731.201, thus also suggesting that his removal was the result of OPM's negative suitability determination, and not based on its own suitability conclusion.[3] *See id.* at 13; *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010) (finding that an SF-50 is not a legally operative document that controls an employee's status and rights).

¶12    Based on the totality of the circumstances, we find that the Navy removed the appellant from employment at OPM's direction based upon a negative suitability determination and that the Board has jurisdiction over the appeal under 5 C.F.R. part 731.  The appellant's appeal is remanded to the administrative judge for further adjudication and a hearing, if the appellant requests one.

**ORDER**

¶13    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

---

[3] We acknowledge that, pursuant to 5 C.F.R. §§ 731.103 and 731.203, an agency may remove an appointee or employee for suitability reasons under 5 C.F.R. part 315 during his probationary period.  *See Gamble v. Department of the Army*, 111 M.S.P.R. 529, ¶¶ 15-19 (2009), *modified on other grounds by Scott v. Office of Personnel Management*, 116 M.S.P.R. 356 (2011), *modified on req. for recons.*, 117 M.S.P.R. 467 (2012).  If an agency wishes to remove an appointee or employee under these provisions, the employing agency must inform OPM within 30 days of taking the action.  *See id*., ¶¶ 16, 18-19; 5 C.F.R. § 731.203(g).  There is no evidence in the record that the agency informed OPM that it removed the appellant under 5 C.F.R. part 315.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board


Washington, D.C.